JS-6

**FILED**
**CLERK, U.S. DISTRICT COURT**

DEC 22, 2015

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ vdr _____ **DEPUTY**

JANET M. HEROLD
Regional Solicitor
DANIELLE L. JABERG (S.B. #256653)
Counsel for ERISA
LAURA C. BREMER (S.B. #162900)
Senior Trial Attorney
Email: bremer.laura@dol.gov
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772

Attorneys for Plaintiff United States Department of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>vs.<br><br>STORMS & LOWE ASSOCIATES, INC., a California corporation, *et al.*<br><br>Defendants. | Case No. 2:15-cv-05960-FMO (AFMx)<br><br>CONSENT JUDGMENT AND ORDER |

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") pursuant to his authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants Storms & Lowe Associates, Inc. ("Storms & Lowe"), Roger C. Aguilera ("Aguilera"), James R. Manning ("Manning"), and Storms & Lowe 401(k) Plan, an employee pension benefit plan (the "Plan").[1]

  A. The Secretary, Storms & Lowe, Aguilera, and Manning (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

  B. The parties agree to the entry of this Consent Judgment & Order. The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

  C. Defendants Storms & Lowe, Manning, and Aguilera waive filing an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.

  D. This Agreement is intended to restore losses to eligible Plan participants and beneficiaries other than Defendants Manning and Aguilera ("Eligible Participants").

  E. All parties expressly waive Findings of Fact and Conclusions of Law.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that:

  1. Judgment is hereby entered for a total of $197,090.56, allocated as described in paragraphs 2 through 5.

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

2. Defendants Storms & Lowe and Aguilera are jointly and severally liable for $41,365.76 losses to the Plan for unremitted employee contributions and loan repayments, plus $12,219.72 in lost opportunity income to the Plan through March 31, 2015 (totaling $53,585.48) for these unremitted contributions. Judgment is hereby entered against Storms & Lowe and Aguilera in the amount of **$53,585.48** for the losses to the Plan for unremitted employee contributions and loan repayments.

3. Defendants Storms & Lowe, Aguilera, and Manning are jointly and severally liable for improperly withdrawing Plan assets from the Plan, including $123,907.28 in improper withdrawals, and $14,377.80 in lost opportunity income as of March 31, 2015 (a total of $138,285.08). Judgment is hereby entered against Storms & Lowe, Aguilera, and Manning in the amount of **$138,285.08** for losses to the Plan for improper withdrawals of Plan assets.

4. An Agreement to Appoint Independent Fiduciary by the parties, effective July 10, 2015, is attached hereto as Exhibit A ("IF Agreement"). The terms of the IF Agreement are incorporated into this Consent Judgment & Order, and enforceable as part of this Consent Judgment & Order. Storms & Lowe, Aguilera, and Manning shall pay Alpha & Omega $2,600, which they were required to pay under the terms of the IF Agreement, no later than January 31, 2016.

5. As described in the IF Agreement, the Secretary tendered a claim on behalf of the Plan to Travelers Casualty and Surety Company of America ("Travelers") for amounts improperly withdrawn from the Plan, and Travelers agreed to pay $100,000 to the Plan for this loss. The IF Agreement appointed Alpha & Omega in connection with Traveler's restoration of the $100,000 to the Plan. Alpha and Omega's duties and responsibilities as an Independent

Fiduciary as set forth in Paragraph 4 of the IF Agreement shall apply not only to the restoration of $100,000 to the Plan from Travelers and distribution of that money as set forth in the IF Agreement, but in addition, shall apply to the restoration of Plan assets to the Plan under this Consent Judgment & Order and distribution of this money to the Eligible Participants. In addition to the $2,600 as described in paragraph 4, Storms & Lowe, Aguilera, and Manning shall pay Alpha & Omega $1,500 by November 30, 2016; and shall pay Alpha & Omega $1,120 by June 30, 2017.

6. Payments to the Plan shall be made by check to Storms & Lowe 401(k) Plan, sent to:

> ATTN: Stella Poulos
> c/o Alpha & Omega, Inc.
> P.O. Box 2669
> La Mesa, CA 91943

7. Pursuant to ERISA § 409, 29 U.S.C. § 1109, Defendants Storms & Lowe and Aguilera are jointly and severally liable and responsible for restoring the $53,585.48 to the Plan (pursuant to paragraph 2) in payment installments as set forth in this Paragraph:

  a. By January 31, 2016, Storms & Lowe and Aguilera shall remit $1,400 to the Plan;

  b. By February 29, 2016, Storms & Lowe and Aguilera shall remit $1,400 to the Plan;

  c. By March 30, 2016, Storms & Lowe and Aguilera shall remit $30,000 to the Plan;

  d. By the last day of each month from April 2016 through November 2016, Storms & Lowe and Aguilera shall remit $1,400 to the Plan (8 monthly payments of $1,400)

  e. By December 31, 2016, Storms & Lowe and Aguilera shall remit $9,585.48 to the Plan.

 8. Pursuant to ERISA § 409, 29 U.S.C. § 1109, Defendants Storms & Lowe, Aguilera, and Manning are jointly and severally liable and responsible for restoring the $138,285.08 to the Plan (pursuant to paragraph 3), and shall remit $38,285.08 of the $138,285.08 to the Plan in payment installments as set forth in this Paragraph:

  a. By December 31, 2016, Storms & Lowe, Aguilera, and Manning shall remit $12,414.52 to the Plan;

  b. By the last day of each month from January 31, 2017 through November 30, 2017, Storms & Lowe, Aguilera, and Manning shall remit $1,400 to the Plan (11 monthly payments of $1,400);

  c. By December 31, 2017, Storms & Lowe, Aguilera, and Manning shall remit $10,470.56 to the Plan.

 9. Storms & Lowe, Manning, and Aguilera remain liable for the entire $138,285.08 they improperly withdrew from the Plan, even though Travelers has restored $100,000 of this amount to the Plan. Therefore, Storms & Lowe, Manning, and Aguilera shall remit $100,000 directly to Travelers in payment installments as set forth in this Paragraph:

  a. By December 31, 2017, Storms & Lowe, Aguilera, and Manning shall remit $11,528.44 to Travelers;

  b. By the last day of each month from January 31, 2018 through November 30, 2018, Storms & Lowe, Aguilera, and Manning shall remit $1,400 to the Travelers (11 monthly payments of $1,400);

  c. By December 31, 2018, Storms & Lowe, Aguilera, and Manning shall remit $22,000 to Travelers;

d.  By the last day of each month from January 31, 2019 through November 30, 2019, Storms & Lowe, Aguilera, and Manning shall remit $1,400 to the Travelers (11 monthly payments of $1,400);

            e.  By the last day of December 2019, Storms & Lowe, Aguilera, and Manning shall remit $35,671.56 to Travelers.

    10.     Payments to Travelers pursuant to paragraph 9 shall be sent to:

    Travelers Casualty and Surety Company

    ATTN: Bond & Specialty Insurance Claim Operations Unit

    One Tower Square, S102A

    Hartford, CT 06183

    11.     The Court finds that the payment plan described in this Consent Judgment & Order, to the extent that any of its payment transactions violates ERISA § 406(a), 29 U.S.C. § 1106(a), satisfies the provisions of Prohibited Transaction Class Exemption 2003-39, 68 Fed. Reg. 75632 (2003).

    12.     Defendants Aguilera and Manning hereby forfeit any interest they may have in any amounts restored to the Plan as a result of the Secretary's claim to Travelers on behalf of the Plan and this Consent Judgment & Order.

    13.     In the event of a default by the Defendants, the payment schedule set forth in paragraphs 4-5 and 7-9 shall no longer apply.  Instead, the entire amount of the Judgment of $53,585.48 (described in paragraph 2) plus interest at the rate prescribed by 28 U.S.C. § 1961 from the date of the entry of the Judgment shall be owed immediately by Storms & Lowe and Aguilera, and entire amount of the Judgment of $143,505.08 (described in paragraphs 3-5) plus interest at the rate prescribed by 28 U.S.C. § 1961 from the date of the entry of the Judgment shall be owed immediately by Storms & Lowe, Aguilera, and Manning.  A default occurs if any payment owed under this Consent

*Consent Judgment*                    Page - 6 -                    2:15-cv-05960-FMO (AFMx)

Judgment & Order is more than forty-five (45) days late. The amount owed by Storms & Lowe, Aguilera, and Manning in the event of a default shall be reduced by any prior payments made in partial satisfaction of the Judgment.

14. Manning and Aguilera agree that, in the event that one or both of them file for bankruptcy protection under any chapter of the United States Bankruptcy Code within one hundred and eighty (180) days of the distribution of the Plan assets, they shall (i) notify the Secretary of the bankruptcy within thirty (30) calendar days of filing a petition in any U.S. Bankruptcy Court; and (ii) if the Secretary requests it, execute a stipulation with the Secretary and consent to the entry of an Order that $191,870.56 (minus any payments made pursuant to paragraphs 7-9 before the date of the bankruptcy filing) is a nondischargeable debt pursuant to section 523(a)(4) of the U.S. Bankruptcy Code, 11 U.S.C. § 523(a)(4).

15. Defendants Aguilera and Manning are hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

16. Defendants Storms & Lowe, Aguilera, and Manning are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

17. The Consent Judgment & Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent (20%) of the applicable recovery amount of $191,870.56 (as described in paragraphs 1-3), pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). Defendants waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83. Upon assessment, payment of the penalty shall be made within sixty (60) calendar days unless Defendants file a petition for waiver or

reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the Secretary agrees to waive or reduce the penalty. In the event that the Secretary does not agree to waive or reduce the penalty, Defendants shall remit the penalty amount to the Secretary within sixty (60) calendar days of receipt of the Secretary's decision denying Defendants' petition. Defendants may not challenge the applicable recovery amount, the validity of the violations alleged, or their liability for the violations.

18. All participant accounts in the Plan shall be deemed fully vested as of the date of this Consent Judgment & Order.

19. The Plan shall be deemed fully qualified under the Internal Revenue Code and under ERISA for the purposes of distributing the restored losses plus interest at the rate prescribed by 28 U.S.C. § 1961 to be paid by the Defendants under the terms of this Consent Judgment & Order.

20. Storms & Lowe, Aguilera, and Manning expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

21. The Secretary and the Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

22. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration. With respect to the United States

Department of Labor, nothing in this Consent Judgment & Order shall preclude the Secretary from: (a) filing any amicus briefs in any case; (b) asserting any claim or filing any documents in any bankruptcy case; (c) assessing and collecting any mandatory civil penalty against Defendants Storms & Lowe, Aguilera, and Manning in an amount equal to twenty percent of the applicable recovery amount pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l); (d) assessing and collecting any penalty under ERISA section 502(c)(2), 29 U.S.C. § 1132(c)(2), through administrative and judicial proceedings; (e) seeking immediate or ex parte injunctive relief in connection with the Plan, if deemed necessary by the Secretary, in his sole discretion; or (f) instituting any criminal proceeding.

23. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

24. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

25. This Consent Judgment & Order shall be binding on the parties hereto, as well as their respective successors, assigns, heirs, and representatives. This Agreement shall not be binding on any other person or entity, including Travelers or any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

26. This Consent Order and Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

Dated: 12/22/2015 /s/

U.S. District Court Judge Fernando M. Olguin

Entry of this Consent Order and Judgment is hereby consented to:

Dated: December 18, 2015    M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIELLE L. JABERG
Counsel for ERISA

By: /s/ Laura C. Bremer
LAURA C. BREMER
Senior Trial Attorney

Attorneys for Plaintiff
United States Department of Labor

FOR THE DEFENDANTS:

STORMS & LOWE ASSOCIATES

Dated: December 18, 2015

By: *[signature]* Roger C. Aguilera
Title: Principal

By: *[signature]* James R. Manning
Title: Principal

Dated: December 18, 2015

ROGER C. AGUILERA

Dated: December 18, 2015

*[signature]* Roger C. Aguilera

JAMES R. MANNING

Dated: December 18, 2015

*[signature]* James R. Manning

Consent Judgment             Page - 11 -             2:15-cv-05960-FMO
(AFMx)

### AGREEMENT TO APPOINT INDEPENDENT FIDUCIARY

This Agreement ("Agreement"), effective as of July 10, 2015 ("Effective Date"), is entered into between Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), by his duly authorized representative, and Storms & Lowe Associates, Inc. ("the Company"), Roger C. Aguilera, and James R. Manning (collectively, "the Respondents").

**WHEREAS**, the Secretary is responsible for the administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c;

**WHEREAS**, the Storms & Lowe 401(k) Plan ("Plan") is an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), and subject to the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c;

**WHEREAS**, the Company is and was the Plan Administrator of the Plan, as well as the Plan sponsor;

**WHEREAS**, Roger Aguilera is and was a Principal of the Company, 51% owner of the Company, and a fiduciary of the Plan;

**WHEREAS**, James Manning is and was a Principal of the Company, 49% owner of the Company, and a fiduciary of the Plan;

**WHEREAS**, the Respondents are and were parties in interest with respect to the Plan within the meaning of ERISA Section 3(14), 29 U.S.C. § 1002(14);

**WHEREAS**, the Secretary tendered a claim under Bond No. 004-BZ-104873384 to Travelers Casualty and Surety Company of America ("Travelers") on behalf of the Plan, alleging that $166,395.53 was improperly withdrawn from the Plan in June 2012 (the "Claim"), and Travelers agreed to pay $100,000 to the Plan for this loss;

**WHEREAS**, the parties to this Agreement desire to have Travelers restore $100,000 to the Plan, and to have that money distributed to Plan participants and beneficiaries other than Manning and Aguilera ("Eligible Plan Participants").

**NOW, THEREFORE**, in consideration of the Recitals above, and on the terms and subject to the conditions set forth below, the Secretary and the Respondents agree as follows:

1. Roger Aguilera and James Manning hereby forfeit any interest they may have in any amounts restored to the Plan as a result of this Agreement. Contemporaneous with their execution of this Agreement, Roger Aguilera and James Manning will obtain signed Waivers of Benefits and Spousal Consent ("Waiver") (attached hereto as Exhibit A) from their spouses.

2. The Company is removed as the Plan Administrator and a fiduciary of the Plan.

1

3. Roger Aguilera and James Manning shall resign as fiduciaries of the Plan.

4. Alpha & Omega is appointed the Independent Fiduciary to the Plan. The Independent Fiduciary will have the following duties and responsibilities:

    a. The Independent Fiduciary shall open an account for the collection of Plan assets;
    b. The Independent Fiduciary shall collect, marshal, allocate, distribute and otherwise pay out all of the assets of the Plan in all Plan accounts (including taking action as necessary to collection from Travelers, such as signing a release on behalf of the Plan) and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all Eligible Participants and beneficiaries;
    c. The Independent Fiduciary shall follow the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2014-01;
    d. The Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA;
    e. The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such as assistance as he may require;
    f. The Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control, including information and records maintained by the Respondents, their accountants, and other agents, as well as service providers of the Plan;
    g. The Independent Fiduciary shall file all required Form 5500s for the Plan;
    h. The Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan; and
    i. The Independent Fiduciary shall comply with all applicable rules and laws.
    j. The Independent Fiduciary shall provide any information requested by the Secretary to corroborate that Respondents have satisfied the provisions of this Agreement, as well as any other information requested by the Secretary concerning the administration of the Plan until such time as the Plan is terminated.
    k. The Respondents shall pay the fees of the Independent Fiduciary. Within one (1) business day of the execution of this Agreement, the Respondents shall pay the Independent Fiduciary $2,600.

5. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

6. This Agreement shall be governed by applicable federal law, and, where not preempted, by the law of the State of California.

FOR THE SECRETARY OF LABOR:

Dated: July 28, 2015

*B. Py Acting Deputy Regional Director for*
Ty Fukumoto, Deputy Regional Director
Los Angeles Regional Office
Employee Benefits Security Administration

FOR THE RESPONDING PARTIES:

STORMS & LOWE ASSOCIATES

Dated: July 27, 2015

By: Roger C. Aguilera
Title: Principal

Dated: July 27, 2015

By: James R. Manning
Title: Principal

Dated: July 27, 2015

ROGER C. AGUILERA

Dated: May 27, 2015

JAMES R. MANNING

3

**EXHIBIT A -** 14